UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| HOANG NGUYEN, | Case No. 2:18-CV-1878 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| PLUSFOUR, INC., a Nevada Corporation, | |
| Defendant(s). | |

Presently before the court is defendant Plusfour, Inc.'s ("Plusfour") motion to dismiss. (ECF No. 7). Plaintiff Hoang Nguyen ("Nguyen") filed a response (ECF No. 7), to which Plusfour replied (ECF No. 9).

Also before the court is Nguyen's motion for leave to amend (ECF No. 8). Plusfour filed a response (ECF No. 10), to which Nguyen replied (ECF No. 11).

**I.    Facts**

This action arises from Plusfour's debt collection practices. The complaint alleges the following facts:

Plusfour reported debt in the amount of $132 against Nguyen without identifying the original creditor. (ECF No. 1). In March 2018, Nguyen discovered the debt report and contacted Plusfour over the phone. *Id*. Nguyen requested validation of the debt. *Id*. Plusfour informed Nguyen that it would cost $10 to validate the debt or that Nguyen could receive validation upon paying off the account. *Id*. Nguyen did not pay for the validation service or pay off the account. *See id*. To date, Plusfour continues to engage in collection practices pertaining to the debt. *Id*.

On September 28, 2018, Nguyen initiated this action, asserting a single cause of action for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. *Id*. Now,

Plusfour moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 6).

In addition, Nguyen has filed a countermotion for leave to amend the complaint. (ECF No. 8). The amended complaint, which Nguyen has attached to his motion as an exhibit, does not contain any new factual allegations. *See* (ECF No. 8-1).

**II.     Legal Standard**

  *a. Failure to state a claim*

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. 662, 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

    b. *Amend*

Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme Court has interpreted Rule 15(a) and confirmed the liberal standard district courts must apply when granting such leave. In *Foman v. Davis*, the Supreme Court explained:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be "freely given."

371 U.S. 178, 182 (1962); *see also Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

Further, Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Local Rule 15-1(a) states that "the moving party shall attach the proposed amended pleading to any motion seeking leave of the court to file an amended pleading." LR 15-1(a).

. . .

. . .

### III. Discussion

Before the court are two motions. First, the court will grant Plusfour's motion to dismiss because Nguyen has failed to plausibly allege that Plusfour violated the FDCPA. Second, the court will deny Nguyen's motion to amend because the amendment would be futile.

*a. Motion to dismiss*

Nguyen alleges that Plusfour violated the FDCPA by failing to cease collection of an alleged debt and not providing proper verification of the debt in violation of 15 U.S.C. § 1692g(b). (ECF No. 1). Plusfour argues that the court should dismiss the complaint because Nguyen has not plausibly alleged a § 1692g(b) violation. (ECF No. 6).

The FDCPA "prohibits debt collectors 'from making false or misleading representations and from engaging in various abusive and unfair practices.'" *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010) (quoting *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995)). The FDCPA is a remedial statute that courts construe liberally in favor of the consumer. *Id.* at 1033–34.

After a debt collector has provided written notice of a debt in compliance with the FDCPA, the consumer can dispute the debt in the following manner:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, *the debt collector shall cease collection of the debt*, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. . . .

15 U.S.C. § 1692g(b) (emphasis added). Under this provision, the debt collector is obligated to cease collection activities under § 1692g(b) once the consumer requests verification in writing. *See Camacho v. Bridgeport Financial Inc.*, 430 F.3d 1078, 1080 (9th Cir. 2005).

Nguyen alleges that he notified Plusfour that he disputed the debt over the phone. (ECF No. 1). Because § 1692g(b) requires consumers to notify debt collectors in writing, Nguyen has not plausibly pleaded an FDCPA violation. *See* 15 U.S.C. § 1692g(b). Accordingly, the court will grant Plusfour's motion to dismiss without prejudice.

James C. Mahan
U.S. District Judge

- 4 -

*b. Motion to amend*

Nguyen requests leave to file an amended complaint containing the same factual allegations as the original complaint. *See* (ECF No. 8-1). The only substantial change in the amended complaint is that Nguyen identifies different provisions of the FDCPA that Plusfour purportedly violated. *See id*. These provisions are § 1692g(a)(3), § 1692d, § 1692e, and § 1692e(8). *Id*. The court addresses these provisions in turn.

*i. § 1692g(a)(3)*

Nguyen alleges that Plusfour violated § 1692g(a)(3) by requiring Nguyen to seek verification of the debt in writing. *Id*. However, § 1692g(a)(3) does not ban debt collectors from requiring consumers to dispute debts in writing. Rather, it allows debt collectors to assume that a debt is valid if the consumer does not dispute the debt within thirty days after receiving notice of the debt. 15 U.S.C. § 1692(g)(a)(3). Moreover, the FDCPA expressly requires consumers to dispute debts in writing. *See* 15 U.S.C. § 1692g(b). Thus, the amended complaint does not plausibly allege a § 1692g(a)(3) violation.

*ii. § 1692d*

Nguyen alleges that Plusfour violated § 1692d by failing to identify the original creditor of the debt and demanding payment prior to verifying the debt. (ECF No. 8-1).

§ 1692d prohibits debts collectors from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Under this provision, court can hold debt collectors liable for improper conduct that the FDCPA does not expressly prohibit. *Swanson v. Southern Oregon Credit Serv., Inc.*, 869 F.2d 1222, 1228 (9th Cir. 1988).

The amended complaint does not identify any harassing debt collection activities other than Plusfour failing to identify the creditor and attempting to collect on the debt. *See* (ECF No. 8-1). However, debt collectors do not have an obligation to verify a debt or cease collection activities until a consumer disputes the debt in writing. *See* 15 U.S.C. § 1692(g); *see also Camacho*, 430 F.3d at 1081. Because Nguyen does not allege that he disputed the debt in writing, the amended complaint does not plausibly plead a § 1692d violation.

**James C. Mahan**
**U.S. District Judge**

- 5 -

*iii. § 1692e*

Nguyen alleges that Plusfour violated § 1692e by making false, deceptive, and misleading representations while demanding payment prior to verifying the debt. (ECF No. 8-1).

§ 1692e prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. However, the amended complaint does not identify any representation that was false, deceptive, or misleading. *See* (ECF No. 8-1). Therefore, the amended complaint does not plausibly plead a § 1692e violation.

*iv. § 1692e(8)*

Nguyen alleges that Plusfour violation § 1692e(8) by reporting credit information without including in the report that Nguyen disputed the debt. (ECF No. 8-1).

§ 1692e(8) prohibits debt collectors from "[c]ommunicating . . . to any personcredit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8). The amended complaint does not allege that Plusfour had any reason to believe that Nguyen disputed the debt at the time Plusfour reported the debt. *See* (ECF No. 8-1). The amended complaint also does not allege that Nguyen adequately disputed the debt in compliance with § 1692g(b). *See id*. Thus, the amended complaint does not plausibly allege a § 1692e(8) violation.

In sum, the amended complaint does not plausible allege that Plusfour violated the FDCPA. The court will deny Nguyen's motion because granting leave to amend would be futile. *See Foman*, 371 U.S. at 182 (holding that courts may deny leave to amend if the amendment would be futile).

The court recognizes that FDCPA claims are subject to a one-year statute of limitations. 15 U.S.C. § 1692k(d). This limitations period "begins to run when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Mangum v. Action Collection Serv., Inc.*, 575 F.3d 935, 940 (9th Cir. 2009) (internal citation and quotation omitted).

Based on the original complaint, it appears that Nguyen became aware of Plusfour's alleged unlawful activities in March 2018 or shortly thereafter. *See* (ECF No. 1). If the court

James C. Mahan
U.S. District Judge

- 6 -

were to dismiss this action, the statute of limitations would likely bar Nguyen's claim. Thus, the court will allow Nguyen to file another motion for leave to file an amended complaint. The court will not consider any further motions to amend.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Plusfour's motion to dismiss (ECF No. 6) be, and the same hereby is, GRANTED without prejudice.

IT IS FURTHER ORDERED that Nguyen's motion to amend (ECF No. 8) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that Nguyen shall have fourteen (14) days from the date of this order to file a motion for leave to amend. If Nguyen fails to file a motion, the court will enter judgment and close the case.

DATED April 26, 2019.

_____
UNITED STATES DISTRICT JUDGE