UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HOANG NGUYEN, | Case No. 2:18-CV-1878 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| PLUSFOUR, INC., a Nevada Corporation, | |
| Defendant(s). | |

Presently before the court is plaintiff Hoang Nguyen's ("Nguyen") motion to amend complaint. (ECF No. 24). Defendant Plusfour, Inc.'s ("Plusfour") filed a response (ECF No. 25), to which Nguyen replied (ECF No. 26).

**I.   Facts**

This action arises from Plusfour's debt collection practices. The second proposed amended complaint alleges the following facts:

Plusfour reported debt in the amount of $132 against Nguyen without identifying the original creditor. (ECF No. 24 at 10). In March 2018, Nguyen discovered the debt report and contacted Plusfour over the phone. *Id*. at 10–11. Nguyen requested validation of the debt. *Id*. Plusfour informed Nguyen that it would cost $10 to validate the debt or that Nguyen could receive validation upon paying off the account. *Id*. Nguyen did not pay for the validation service or pay off the account. *See id*.

On September 28, 2018, Nguyen initiated this action, asserting a single cause of action for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. *Id*. On April 26, 2019, the court granted Plusfour's motion to dismiss without prejudice and denied Nguyen's motion to amend. (ECF No. 22). The court also granted Nguyen a second opportunity

**James C. Mahan**
**U.S. District Judge**

to file an amended complaint, which Nguyen submitted and the court now considers. (ECF Nos. 22, 24). The factual allegations in the second proposed amended complaint are substantially the same as the allegations in the original complaint. *See* (ECF No. 24).

## II.  Legal Standard

Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme Court has interpreted Rule 15(a) and confirmed the liberal standard district courts must apply when granting such leave. In *Foman v. Davis*, the Supreme Court explained:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be "freely given."

371 U.S. 178, 182 (1962); *see also Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

Further, Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Local Rule 15-1(a) states that "the moving party shall attach the proposed amended pleading to any motion seeking leave of the court to file an amended pleading." LR 15-1(a).

## III.  Discussion

The court will deny Nguyen's motion to amend because Nguyen's newly amended complaint has failed to plausibly allege that Plusfour violated the FDCPA.

The FDCPA "prohibits debt collectors 'from making false or misleading representations and from engaging in various abusive and unfair practices.'" *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010) (quoting *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995)). The FDCPA is a remedial statute that courts construe liberally in favor of consumers. *Id*. at 1033–34.

Nguyen requests leave to file an amended complaint containing substantially the same factual allegations as the original complaint. *See* (ECF No. 24). The only significant change in the newly amended complaint is that Nguyen identifies different provisions of the FDCPA that

James C. Mahan
U.S. District Judge

- 2 -

Plusfour purportedly violated. *See id*. These provisions are §§ 1692g, 1692e, 1692c, and 1692e(8). *Id*. The court addresses these provisions in turn.

    a. *§ 1692g*

Nguyen alleges that Plusfour violated § 1692g by failing to serve a statutorily required letter within five days of the parties' initial communication. (ECF No. 24 at 11). § 1692g provides that "[w]ithin five days *after the initial communication with a consumer* in connection with the collection of any debt, a debt collector shall . . . send the consumer a written notice." § 1692g (emphasis added).

The parties agree that Nguyen submitted inquiries in 2016 and 2018. (ECF Nos. 24 at 11, 25 at 4). The parties also agree that Plusfour timely sent written notice to Nguyen only once, after the 2016 inquiry. *See* (ECF No. 26 at 2). Nguyen argues that, under § 1692g, Plusfour should have also sent written notice to Nguyen after the 2018 inquiry because the parties had little interaction in the time period between the two inquiries. *Id*. However, because § 1692g does not require debt collectors to send multiple notices, Plusfour complied with the statute when it sent notice within five-days after the 2016 inquiry. *See* 15 U.S.C. § 1692g. Accordingly, Nguyen has not plausibly pleaded a § 1692g violation.

    b. *§ 1692e and § 1692c*

Nguyen alleges that Plusfour violated § 1692e and § 1692c by making false, deceptive, and misleading representations while demanding payment prior to verifying the debt. (ECF No. 24 at 11).

§ 1692e prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. However, the amended complaint does not identify any representation that was false, deceptive, or misleading. *See* (ECF No. 24 at 11). Therefore, Nguyen has not pleaded a § 1692e violation.

§ 1692c is divided into three subsections. The first subsection requires that debt collectors communicate during reasonable times, not communicate to a consumer at their workplace, and communicate through the consumer's attorney if they are made aware that the consumer has retained an attorney for their debt. *See* 15 U.S.C. § 1692c. The second subsection

**James C. Mahan**
**U.S. District Judge**

1  regulates communications with third parties. *Id*. The third subsection provides rules for ceasing
2  communications. *Id*. None of these subsections provide a cause of action for "any false,
3  deceptive, or misleading representation or means in connection with the collection of any debt."
4  *Id*. Therefore, Nguyen has not plausibly pleaded a § 1692c violation.

   c. *§ 1692e(8)*

   Nguyen alleges that Plusfour violated § 1692e(8) by reporting credit information without including in the report that Nguyen disputed the debt. (ECF No. 24 at 12).

   § 1692e(8) prohibits debt collectors from "[c]ommunicating . . . to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8). The amended complaint does not allege that Plusfour had any reason to believe that Nguyen disputed the debt at the time Plusfour reported the debt. *See* (ECF No. 24). Thus, Nguyen has not plausibly pleaded in the second proposed amended complaint a § 1692e(8) violation.

   In sum, the amended complaint does not contain any allegation that allows the court to reasonably infer that Plusfour violated the FDCPA. Therefore, the court will deny Nguyen's motion because granting leave to amend would be futile. *See Foman*, 371 U.S. at 182 (holding that courts may deny leave to amend if the amendment would be futile). As the second proposed amended complaint is Nguyen's third attempt to file a complaint that can withstand a Rule 12(b)(6) motion, the court will dismiss this action with prejudice. *See Soliz v. Murphy, Goering, Roberts & Berkman, P.C.*, 9 F.3d 1553 (9th Cir. 1993) (holding dismissal with prejudice is appropriate when a court previously notified the plaintiff of the complaint's deficiencies and the amended complaint fails to overcome those deficiencies).

   **IV. Conclusion**

   Accordingly,

   IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Nguyen's motion to amend (ECF No. 6) be, and the same hereby is, DENIED.

   IT IS FURTHER ORDERED that the matter of *Nguyen v. Plusfour, Inc.*, case number 2:18-cv-01878-JCM-CWH, be, and the same hereby is, DISMISSED with prejudice.

**James C. Mahan**
**U.S. District Judge**

- 4 -

1   The clerk shall enter judgment and close the case accordingly.

2   DATED July 26, 2019.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**